IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MARGARITA HERNANDEZ**, individually and as representative of the estate of **SALVADOR HERNANDEZ**,[1]  Plaintiff, v. **STEVEN HAINS; GO 2 TRANSPORTATION, LLC; and RAYMUNDO CASTILLO,**  Defendants. | Civil Action No. **3:22-CV-1301-L** |

## MEMORANDUM OPINION AND ORDER

The court enters this memorandum opinion and order to *sua sponte* **remand** this action to the 382nd Judicial District Court, Rockwall County, Texas, for lack of subject matter jurisdiction.

## I.   Introduction

Defendants Steven Hains ("Hains") and Go 2 Transportation, LLC ("Go 2") removed this action on June 15, 2022, from the 382nd Judicial District Court, Rockwall County, Texas, based on diversity of citizenship. Hains and Go 2 allege, based on the allegations in Plaintiffs' Original Petition, filed on September 3, 2021, that there is complete diversity of citizenship between them and Plaintiffs Raymundo Castillo, Salvador Hernandez, and Margarita Hernandez. This allegation, however, is not supported by the Amended Petition that was filed in state court on May 19, 2022, before the removal of this action.

---

[1] The identification and classification of the parties in the case caption of this order were revised to conform to the allegations in the First Amended Petition ("Amended Petition") filed by "Margarita Hernandez, individually and as representative of the estate of Salvador Hernandez, deceased," Am. Pet. 1, against Hains; Go 2; and Raymundo Castillo, who are collectively referred to in the body of the Amended Petition as "Defendants," *id.*, even though the case captions in both the Original Petition and Amended Petition (and all of the state court filings) list Raymundo Castillo as a plaintiff.

**Memorandum Opinion and Order – Page 1**

## II.     Applicable Legal Standard for Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). Any doubts or ambiguities as to the propriety of the removal are construed against removal and strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

"[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level

of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). Failure to allege adequately the basis of diversity mandates remand or dismissal of an action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp.*, 841 F.2d at 1258. Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted).

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citation omitted). Citizenship of a limited liability company "is determined by the

citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).

### III. Discussion

Here, the case captions in both the Original and Amended Petitions list Raymundo Castillo as a plaintiff in this action, but the Amended Petition, which superseded the Original Petition,[2] alleges that it was filed by "Margarita Hernandez, individually and as representative of the estate of Salvador Hernandez, deceased"[3] against Hains; Go 2; *and Raymundo Castillo*, who are collectively referred to collectively in the body of the Amended Petition as "Defendants."[4] Regarding each party, the Amended Petition alleges as follows:

> 5. Plaintiff, MARGARITA HERNANDEZ is an individual domiciled in Dallas County, Texas.
>
> 6. Plaintiff, MARGARITA HERNANDEZ, AS REPRESENTATIVE OF THE ESTATE OF SALVADOR HERNANDEZ, DECEASED, is an individual domiciled in Dallas County, Texas.
>
> 7. Defendant GO 2 TRANSPORTATION LLC (hereafter "Defendant GO 2") has been served and answered. No issuance of citation is needed at this time.
>
> 8. Defendant STEVEN HAINS (hereafter "Defendant HAINS") has been served and answered. No issuance of citation is needed at this time.

---

[2] As a general rule, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). The same is true under Texas law. *Mekeel v. U.S. Bank Nat. Ass'n*, 355 S.W.3d 349, 354 (Tex. App.—El Paso 2011, pet. dism'd) ("[W]hen an amended pleading is filed, it supplants all former pleadings.") (citing cases); *Wren v. Texas Emp't Comm'n*, 915 S.W.2d 506, 508 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("[A]n amended petition supersedes and completely replaces all previous pleadings, rendering the previous pleadings ineffective") (citation omitted); *see also* Tex. R. Civ. P. 65 (same). Moreover, in determining whether removal jurisdiction is present, federal courts "consider the claims in the state court petition *as they existed at the time of removal*." *Manguno*, 276 F.3d at 723 (citation omitted and emphasis added). Thus, the assertion in the Notice of Removal filed by Hains and Go 2 that the "live pleadings" in state court consisted of the Original Petition *and* the First Amended Petition, and the suggestion that the pleadings in the superseded Original Petition have any bearing on whether removal jurisdiction is present are incorrect statements of law and fact. Notice of Removal ¶ 12.

[3] Am. Pet. 1.

[4] *Id*.

**Memorandum Opinion and Order – Page 4**

> 9. Defendant, RAYMUNDO CASTILLO, is an individual who is a resident of and is domiciled in the State of Texas, and can be served through his attorney of record, Ramon E. Gonzalez, The Law Offices of Ramon E. Gonzalez, P.C., 1111 W. Mockingbird Lane, Ste. 253, Dallas, Texas 75247. No issuance of citation is needed at this time.

Am. Pet. 2. The Amended Petition further alleges that, on November 28, 2022, Margarita Hernandez and Salvador Hernandez were passengers in a vehicle driven by Raymundo Castillo; that this vehicle was struck by another vehicle driven by Hains, who was acting in the course and scope of his employment with Go 2; and that "Defendants" are liable for the injuries and damages of "Plaintiffs" there were caused by Defendants' negligent conduct or omissions. *Id*. at 3-4. According to the Amended Petition, Salvador Hernandez died a few weeks after the collision as a result of his injuries.

While the Original Petition was filed by Raymundo Castillo's attorney Ramon E. Gonzalez on behalf of all Plaintiffs, the Amended Petition that was filed on behalf of Margarita Hernandez and Salvador Hernandez against Raymundo Castillo and the other Defendants was filed by James D. Trujillo.  On the same date that the Amended Petition was filed, a Notice of Appearance and Designation of Lead Counsel was filed on behalf of Plaintiffs Margarita Hernandez and Salvador Hernandez, designating James D. Trujillo as their counsel of record.  From this and the amendments to Plaintiffs' pleadings, it appears that Plaintiff Margarita Hernandez, acting in her individual and representative capacity on behalf of her deceased husband's estate, had a change of heart and no longer believed that her interests were aligned with that of Raymundo Castillo.

As a result of this realignment of the parties with Raymundo Castillo as a Defendant in the Amended Petition, complete diversity between the parties no longer existed when the case was removed to federal court on June 15, 2022.  According to the Amended Petition, Plaintiff Margarita Hernandez and Defendant Raymundo Castillo are both residents of Texas and domiciled in Texas.

In their Notice of Removal, Hains and Go 2 assert that "Plaintiffs Raymundo Castillo, Salvador Hernandez, and Margarita Hernandez[] are residents of Texas and domiciled in Dallas County, Texas, according to Plaintiffs' Original Petition. Notice of Removal 2. Removal, however, is only proper when there is complete diversity of citizenship between the parties at the time the complaint is filed and when the case is removed to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *In re Allstate Ins. Co.*, 8 F.3d at 221 (citations omitted).

Moreover, the Original Petition merely alleges that "Plaintiff is an individual domiciled in Dallas County, Texas," without specifying which of the Plaintiffs listed in the case caption is domiciled in Texas. Orig. Pet. 2. Likewise, the remaining allegations in the Original Petition all use the term "Plaintiff" without specifically referring by name to any individual Plaintiff listed in the case caption. Thus, the Original Petition does not support the allegation in the Notice of Removal that all individuals identified as Plaintiffs are residents of and domiciled in Dallas County and thus citizens of Texas—either at the time the state case was filed or when it was removed. Regardless, ambiguities such as those in the Original and Amended Petition must be strictly construed against removal and in favor of remand. *Manguno*, 276 F.3d at 723 (citation omitted).

Additionally, neither the Amended Petition nor the Notice of Removal identifies the members of Go 2 or include factual allegations from which the court can ascertain the citizenship of this limited liability company. *See Harvey*, 542 F.3d at 1080 (citations omitted). Consequently, Defendants Hains and Go 2 have failed to "affirmatively and distinctly" allege the basis for diversity jurisdiction as required to avoid remand of this action. *Getty Oil Corp.*, 841 F.2d at 1259 (citation omitted); *Stafford*, 945 F.2d at 805. Although the court generally gives the party or parties with the burden of establishing subject matter jurisdiction an opportunity to cure jurisdictional deficiencies, it does not appear that the ambiguity and jurisdictional defect resulting from the

realignment of Raymundo Castillo as a Defendant in the Amended Petition can be cured. Thus, even though the defect regarding the citizenship of Go 2's members could possibly be cured, allowing Defendants Hains and Go 2 to amend their Notice of Removal under the circumstances would be futile and unnecessarily delay the litigation, as the ambiguities in the Original and Amended Petition with respect to Raymundo Castillo must be strictly construed against removal and in favor of remand.

### IV.   Conclusion

Accordingly, for all of the reasons explained, the court determines that Defendants Hains and Go 2 have failed to satisfy their burden as the removing parties to establish subject matter jurisdiction based on diversity of citizenship. As a result, the court lacks subject matter jurisdiction and must remand the action. The court, therefore, *sua sponte* **remands** this action for lack of subject matter jurisdiction to the 382nd Judicial District Court, Rockwall County, Texas, from which it was removed. The clerk of the court **shall** effect the remand of this action in accordance with the usual procedure.

**It is so ordered** this 18th day of July, 2022.

Sam A. Lindsay
United States District Judge